| PROB 22 (Rev. 2/88) **TRANSFER OF JURISDICTION** | DOCKET NUMBER *(Tran. Court)* |
| | **17-20300-CR-SCOLA-1** |
| | DOCKET NUMBER *(Rec. Court)* |
| | 2 0 - C R - 0 0 1 1 4 - R M |

| NAME AND ADDRESS OF SUPERVISED RELEASEE | DISTRICT Southern District of Florida | DIVISION Miami |
| | NAME OF SENTENCING JUDGE The Honorable Robert N. Scola, Jr. | |
| MARK DAVID JOHNSON | | |

| SD/FL PACTS NO.: 3633793 | DATE OF SUPERVISED RELEASE | FROM 10/11/2019 | TO 10/10/2022 |

OFFENSE:

Count 1 – Conspiracy to Commit Mail Fraud; 18 U.S.C. §1349

---

### PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE <u>SOUTHERN DISTRICT OF FLORIDA</u>

    **IT IS HEREBY ORDERED** that, pursuant to 18 U.S.C. 3605 the jurisdiction of the supervised release named above be transferred with the records of this Court to the United States District Court for the <u>DISTRICT OF COLORADO</u> upon the Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

| December 2, 2019 | |
| *Date* | *United States District Judge* Robert N. Scola, Jr. |

*This sentence may be deleted in the discretion of the transferring Court.

### PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

    **IT IS HEREBY ORDERED** that, jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

| 4/9/2020 | |
| *Effective Date* | *United States District Judge* |

EGT

# U.S. District Court
## Southern District of Florida (Miami)
## CRIMINAL DOCKET FOR CASE #: <u>1:17–cr–20300–RNS</u>–1

Case title: USA v. Johnson et al

Date Filed: 05/02/2017
Date Terminated: 02/16/2018

Assigned to: Judge Robert N. Scola, Jr

**<u>Defendant (1)</u>**

**Mark David Johnson**
44156–013
*1975 English*
*TERMINATED: 02/16/2018*

represented by **Bruce Alan Zimet**
One Clearlake Centre
250 North Australian Avenue
Suite 1400
West Palm Beach, FL 33401
561–508–7741
Fax: 954–760–4421
Email: BAZ@BruceAZimetLaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| **<u>Pending Counts</u>** | **<u>Disposition</u>** |
| --- | --- |
| 18:1349 CONSPIRACY TO COMMIT MAIL FRAUD (1s) | Imprisonment for 48 months; Supervised release for 3 years. |

**<u>Highest Offense Level (Opening)</u>**

Felony

| **<u>Terminated Counts</u>** | **<u>Disposition</u>** |
| --- | --- |
| 18:1349 Conspiracy to Commit Mail Fraud (1) | Dismissed. |
| 18:1341 Mail Fraud (2–14) | Dismissed. |
| 18:1341.F MAIL FRAUD (2s–17s) | Dismissed. |

**<u>Highest Offense Level (Terminated)</u>**

Felony

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

**Garnishee**

| | | |
| --- | --- | --- |
| **Merrill Lynch, Pierce, Fenner and Smith Incorporated** | represented by | **Monica L Haddad Forbes** |

**Monica L Haddad Forbes**
McGuireWoods LLP
50 North Laura Street
Suite 3300
Jacksonville, FL 32210
(904)798–3213
Email: mforbes@mcguirewoods.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
| --- | --- | --- |
| **USA** | represented by | **Joshua S. Rothstein** |

**Joshua S. Rothstein**
US Attorney's Office
Miami, FL 33131
305–961–9208
Email: Joshua.Rothstein@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Anne McNamara**
United States Attorney's Office
Southern District of Florida
99 N.E. 4th Street
Miami, FL 33132
(786) 360–9767
Email: anne.mcnamara2@usdoj.gov
*ATTORNEY TO BE NOTICED*

**J. Mackenzie Duane**
United States Attorney's Office
99 N.E. 4th Street
Miami, FL 33132
305–961–9341
Email: mackenzie.duane@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Maureen Donlan**
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
305–961–9334

Fax: 305–530–7139
Email: maureen.donlan@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Nalina Sombuntham**
US Attorney's Office
Southern District of Florida
99 N.E. 4th Street
Miami, FL 33132
305–961–9224
Email: nalina.sombuntham2@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 05/02/2017 | 1 | | MOTION to Seal by USA as to Mark David Johnson, David William Wheat, Michael Kennedy Brown, James Carrington, Jana Kabelova, Michael Munday, Juan Ottavianelli, Edwin Fernandes. Responses due by 5/16/2017 (ch1) (Entered: 05/02/2017) |
| 05/02/2017 | 2 | | ORDER granting 1 Motion to Seal as to Mark David Johnson (1), David William Wheat (2), Michael Kennedy Brown (3), James Carrington (4), Jana Kabelova (5), Michael Munday (6), Juan Ottavianelli (7), Edwin Fernandes (8). Signed by Magistrate Judge Alicia M. Otazo–Reyes on 5/2/2017. (ch1) (Entered: 05/02/2017) |
| 05/02/2017 | 3 | | INDICTMENT as to Mark David Johnson (1) count(s) 1, 2–14, David William Wheat (2) count(s) 1, 2–14, Michael Kennedy Brown (3) count(s) 1, 4–5, 7–8, 10–11, James Carrington (4) count(s) 1, 9, 13, Jana Kabelova (5) count(s) 1, 2, 7–8, 11, Michael Munday (6) count(s) 1, 12, Juan Ottavianelli (7) count(s) 1, 10, 14, Edwin Fernandes (8) count(s) 1 and forfeiture. (ch1) (Additional attachment(s) added on 5/2/2017: # 1 Restricted Unredacted Indictment) (ch1). (Entered: 05/02/2017) |
| 05/03/2017 | 5 | | MOTION to Seal by USA as to Mark David Johnson, David William Wheat, Michael Kennedy Brown, James Carrington, Jana Kabelova, Michael Munday, Juan Ottavianelli, Edwin Fernandes. Attorney Nalina Sombuntham added to party USA(pty:pla). (Attachments: # 1 Text of Proposed Order)(nc) (Entered: 05/03/2017) |
| 05/03/2017 | 6 | | EX PARTE APPLICATION for Post–Indictment Protective Order Pursuant 21 USC 853(e), and Memorandum of Law In Support Thereof by USA as to Mark David Johnson, David William Wheat, Michael Kennedy Brown, James Carrington, Jana Kabelova, Michael Munday, Juan Ottavianelli, Edwin Fernandes. (Attachments: # 1 Text of Proposed Order)(nc) (Entered: 05/03/2017) |
| 05/03/2017 | 7 | | SEALING ORDER re 5 Motion to Seal as to Mark David Johnson, David William Wheat, Michael Kennedy Brown, James Carrington, Jana Kabelova, Michael Munday, Juan Ottavianelli, Edwin Fernandes. Signed by Judge Robert N. Scola, Jr on 5/3/2017. (See Order for full details) (nc) (Entered: 05/03/2017) |

| 05/03/2017 | 8 | ORDER Granting 6 Ex Parte Application for Post–Indictment Protective Order Pursuant 21 USC 853(e), and Memorandum of Law In Support Thereof as to Mark David Johnson, David William Wheat, Michael Kennedy Brown, James Carrington, Jana Kabelova, Michael Munday, Juan Ottavianelli, Edwin Fernandes. Signed by Judge Robert N. Scola, Jr on 5/3/2017. (See Order for full details) (nc) (Entered: 05/03/2017) |
|---|---|---|
| 05/05/2017 | 9 | Order to Unseal as to Mark David Johnson, David William Wheat, Michael Kennedy Brown, James Carrington, Jana Kabelova, Michael Munday, Juan Ottavianelli, Edwin Fernandes Signed by Magistrate Judge Alicia M. Otazo–Reyes on 5/5/2017. (ch1) (Entered: 05/08/2017) |
| 05/09/2017 | 22 | First RESPONSE to Standing Discovery Order by USA as to Mark David Johnson, David William Wheat, Michael Kennedy Brown, James Carrington, Jana Kabelova, Michael Munday, Juan Ottavianelli, Edwin Fernandes (Rothstein, Joshua) (Entered: 05/09/2017) |
| 05/18/2017 | 42 | Second RESPONSE to Standing Discovery Order by USA as to Mark David Johnson, David William Wheat, Michael Kennedy Brown, James Carrington, Jana Kabelova, Michael Munday, Juan Ottavianelli, Edwin Fernandes (Rothstein, Joshua) (Entered: 05/18/2017) |
| 05/24/2017 | 55 | NOTICE OF ATTORNEY APPEARANCE: Bruce Alan Zimet appearing for Mark David Johnson . Attorney Bruce Alan Zimet added to party Mark David Johnson(pty:dft). (Zimet, Bruce) (Entered: 05/24/2017) |
| 05/24/2017 | 59 | Minute Order for proceedings held before Magistrate Judge Andrea M. Simonton: Initial Appearance as to Mark David Johnson held on 5/24/2017. Date of Arrest or Surrender: 5/24/2017. Arraignment set for 5/31/2017 10:00 AM in Miami Division before MIA Duty Magistrate. (Digital 14–43–54) Signed by Magistrate Judge Andrea M. Simonton on 5/24/2017. (ch1) (Entered: 05/25/2017) |
| 05/25/2017 | 58 | NOTICE OF ATTORNEY APPEARANCE: Bruce Alan Zimet appearing for Mark David Johnson (ch1) (Entered: 05/25/2017) |
| 05/31/2017 | 69 | Minute Order for proceedings held before Magistrate Judge John J. O'Sullivan: **ARRAIGNMENT** as to Mark David Johnson (1) Count 1,2–14 held on 5/31/2017 (Digital 10:21:07)<br><br>PAPERLESS STANDING DISCOVERY ORDER: The defendant(s) having been arraigned this date in open Court, it is Ordered that within 14 days of the date of this order that all parties to this action shall review and comply with Southern District of Florida Local Rules 88.10 (Criminal Discovery), and 88.9(c) (Motions in Criminal Cases). Upon a sufficient showing, the Court may at any time, upon a properly filed motion, order that the discovery or inspection provided for by this Standing Order be denied, restricted or deferred, or make such other order as is appropriate. It is expected by the Court, however, that counsel for both sides shall make a good faith effort to comply with the letter and spirit of this Standing Order. It shall be the continuing duty of counsel for both sides to immediately reveal to opposing counsel all newly discovered information or other material within the scope of Local Rule 88.10. Signed by Magistrate Judge John J. O'Sullivan on 5/31/2017. (ra) (Entered: 05/31/2017) |

| 06/01/2017 | 72 | | Unopposed MOTION for Protective Order *Authorizing Disclosure of Personal Identification Information* by USA as to Mark David Johnson, David William Wheat, Michael Kennedy Brown, James Carrington, Jana Kabelova, Michael Munday, Juan Ottavianelli, Edwin Fernandes. Responses due by 6/15/2017 (Attachments: # 1 Text of Proposed Order)(Rothstein, Joshua) (Entered: 06/01/2017) |
| 06/02/2017 | 73 | | PROTECTIVE ORDER authorizing disclosure of personal identification information. Granting 72 Motion for Protective Order as to Mark David Johnson (1), David William Wheat (2), Michael Kennedy Brown (3), James Carrington (4), Jana Kabelova (5), Michael Munday (6), Juan Ottavianelli (7), Edwin Fernandes (8). Signed by Judge Robert N. Scola, Jr on 6/1/2017. (jh) (Entered: 06/02/2017) |
| 06/05/2017 | 74 | | Third RESPONSE to Standing Discovery Order by USA as to Mark David Johnson, David William Wheat, Michael Kennedy Brown, James Carrington, Jana Kabelova, Michael Munday, Juan Ottavianelli, Edwin Fernandes (Rothstein, Joshua) (Entered: 06/05/2017) |
| 06/07/2017 | 75 | | SCHEDULING ORDER as to Mark David Johnson, James Carrington, and Jana Kabelova. Calendar Call set for 7/5/2017 09:00 AM in Miami Division before Judge Robert N. Scola Jr., Jury Trial set for 7/10/2017 09:00 AM in Miami Division before Judge Robert N. Scola Jr. Signed by Judge Robert N. Scola, Jr on 6/7/2017. (jh) <br><br> ***Pattern Jury Instruction Builder* –** To access the latest, up to date changes to the 11th Circuit Pattern Jury Instructions go to https://pji.ca11.uscourts.gov or click here. (Entered: 06/07/2017) |
| 06/16/2017 | 84 | | ORDER TO CONTINUE – Ends of Justice as to Mark David Johnson, David William Wheat, Jana Kabelova, Michael Munday, and Juan Ottavianelli – Time excluded from 6/14/17 until 10/16/17. Granting 82 Agreed MOTION to Continue Trial Date. Calendar Call set for 10/10/2017 09:00 AM in Miami Division before Judge Robert N. Scola Jr., Jury Trial set for 10/16/2017 09:00 AM in Miami Division before Judge Robert N. Scola Jr. Signed by Judge Robert N. Scola, Jr on 6/15/2017. (jh) (Entered: 06/16/2017) |
| 06/16/2017 | 85 | | NOTICE OF ATTORNEY APPEARANCE J. Mackenzie Duane appearing for USA. . Attorney J. Mackenzie Duane added to party USA(pty:pla). (Duane, J.) (Entered: 06/16/2017) |
| 06/28/2017 | 97 | | Fourth RESPONSE to Standing Discovery Order by USA as to Mark David Johnson, David William Wheat, Michael Kennedy Brown, James Carrington, Jana Kabelova, Michael Munday, Juan Ottavianelli, Edwin Fernandes (Rothstein, Joshua) (Entered: 06/28/2017) |
| 07/18/2017 | 120 | | SUPERSEDING INDICTMENT as to Mark David Johnson (1) count(s) 1s, 2s–17s, Jana Kabelova (5) count(s) 1s, 2s, 8s–9s, 12s, Michael Munday (6) count(s) 1s, 13s, Quentin Ian Hymas (9) count(s) 1, 6, 15–16, Tomas Bajza (10) count(s) 1 and Forfeiture Allegations (ail) (Entered: 07/19/2017) |
| 08/08/2017 | 132 | | Fifth RESPONSE to Standing Discovery Order by USA as to Mark David Johnson, Jana Kabelova, Michael Munday, Quentin Ian Hymas, Tomas Bajza (Rothstein, Joshua) (Entered: 08/08/2017) |

| 08/30/2017 | 148 | | Sixth RESPONSE to Standing Discovery Order by USA as to Mark David Johnson, David William Wheat, Michael Kennedy Brown, James Carrington, Jana Kabelova, Michael Munday, Juan Ottavianelli, Edwin Fernandes, Quentin Ian Hymas, Tomas Bajza (Rothstein, Joshua) (Entered: 08/30/2017) |
| 09/05/2017 | 151 | | PAPERLESS ORDER SETTING CHANGE OF PLEA HEARING as to Mark David Johnson. Signed by Judge Robert N. Scola, Jr on 9/5/2017. Change of Plea Hearing set for 9/12/2017 08:30 AM in Miami Division before Judge Robert N. Scola Jr., at the Wilkie D. Ferguson U.S. Courthouse, 400 North Miami Avenue, Courtroom 12−3, 12th floor, Miami, Florida.<br><br>The Government shall e−mail the Court with any plea agreement/proffer no later than one day prior to the change of plea hearing at scola@flsd.uscourts.gov and shall advise the Court if there is no plea agreement. (jh) (Entered: 09/05/2017) |
| 09/05/2017 | | | Terminate Deadlines and Hearings as to Mark David Johnson: Calendar Call presently set for 10/10/2017 at 9:00 AM is canceled only as it relates to Mark David Johnson. (jh) (Entered: 09/05/2017) |
| 09/18/2017 | 153 | | PAPERLESS ORDER RESETTING CHANGE OF PLEA HEARING as to Mark David Johnson, and Tomas Bajza. Signed by Judge Robert N. Scola, Jr on 9/18/2017. Change of Plea Hearing set for Wednesday 9/20/2017 09:00 AM in Miami Division before Judge Robert N. Scola Jr., at the Wilke D. Ferguson, Jr., United States Courthouse, 400 North Miami Avenue, Courtroom 12−3, 12th floor, Miami, Florida. If you have a scheduling issue with reset date, please contact Judge's Chambers at 305−523−5145.(jh) Modified on 9/18/2017 (jh). (Entered: 09/18/2017) |
| 09/20/2017 | 156 | | PLEA AGREEMENT as to Mark David Johnson (jh) (Entered: 09/20/2017) |
| 09/20/2017 | 157 | | FACTUAL PROFFER STATEMENT as to Mark David Johnson (jh) (Entered: 09/20/2017) |
| 09/20/2017 | 158 | | PAPERLESS Minute Entry for proceedings held before Judge Robert N. Scola, Jr: Change of Plea Hearing as to Mark David Johnson held on 9/20/2017. Mark David Johnson (1) Guilty Count 1s of the superseding indictment. Sentencing hearing set for 11/29/2017 at 8:30 AM. Total time in court: 16 minutes. Attorney Appearance(s): AUSA J. Mackenzie Duane, Bruce Alan Zimet, Esquire. Court Reporter: Carly Horenkamp, 305−523−5147 / Carleen_Horenkamp@flsd.uscourts.gov. (jh) (Entered: 09/20/2017) |
| 09/21/2017 | 163 | | ORDER SETTING SENTENCING HEARING as to Mark David Johnson. Signed by Judge Robert N. Scola, Jr on 9/21/2017. Sentencing set for 11/29/2017 08:30 AM in Miami Division before Judge Robert N. Scola Jr. (jh) (Entered: 09/21/2017) |
| 09/22/2017 | 164 | | Notice of Presentence Investigation Assignment of Mark David Johnson and Tomas Bajza to US Probation Officer Michelle Burgess in the Miami Wilkie D. Ferguson, Jr. U.S. Courthouse. She can be contacted at (305)523−5428 or Michelle_Burgess@flsp.uscourts.gov. (lrn) (Entered: 09/22/2017) |
| 10/12/2017 | 184 | | Unopposed MOTION to Continue *Sentencing Hearings* by USA as to Mark David Johnson, Michael Kennedy Brown, James Carrington. Responses due by 10/26/2017 (Rothstein, Joshua) (Entered: 10/12/2017) |

| | | | |
|---|---|---|---|
| 10/13/2017 | 185 | | PAPERLESS ORDER granting 184 Motion to Continue Sentencing Hearing as to Mark David Johnson (1), Michael Kennedy Brown (3), and James Carrington (4). Sentencing hearings continued to Friday 2/2/2018 08:30 AM in Miami Division before Judge Robert N. Scola Jr. Signed by Judge Robert N. Scola, Jr on 10/13/2017. (jh) (Entered: 10/13/2017) |
| 12/28/2017 | 262 | | DRAFT Disclosure of Presentence Investigation Report of Mark David Johnson. This is a limited access document. Report access provided to attorneys Joshua S. Rothstein, Bruce Alan Zimet by USPO (Attachments: # 1 Position of Parties)(mcl1) (Entered: 12/28/2017) |
| 01/23/2018 | 315 | | MOTION for Downward Departure by USA as to Mark David Johnson, Michael Kennedy Brown, James Carrington. Responses due by 2/6/2018 (Rothstein, Joshua) (Entered: 01/23/2018) |
| 01/24/2018 | 319 | | Unopposed MOTION to Continue Sentencing Hearing by Mark David Johnson. Responses due by 2/7/2018 (Zimet, Bruce) (Entered: 01/24/2018) |
| 01/24/2018 | 320 | | PAPERLESS ORDER granting 319 Motion to Continue Sentencing Hearing as to Mark David Johnson (1). Sentencing continued to 2/9/2018 09:00 AM in Miami Division before Judge Robert N. Scola Jr. Signed by Judge Robert N. Scola, Jr on 1/24/2018. (jh) (Entered: 01/24/2018) |
| 01/25/2018 | 323 | | PAPERLESS ORDER RESETTING SENTENCING HEARING as to Mark David Johnson. Signed by Judge Robert N. Scola, Jr on 1/25/2018. Sentencing reset for 2/14/2018 08:45 AM in Miami Division before Judge Robert N. Scola Jr. Government's Ore Tenus Motion to Reset Hearing Due to a Scheduling Conflict is granted. (jh) (Entered: 01/25/2018) |
| 02/08/2018 | 343 | | FINAL Addendum 1 Disclosure of Revised Presentence Investigation Report of Mark David Johnson. This is a limited access document. Report access provided to attorneys Joshua S. Rothstein, Bruce Alan Zimet by USPO (Attachments: # 1 Addendum)(mcl1) (Entered: 02/08/2018) |
| 02/09/2018 | 349 | | MOTION for Forfeiture of Property *Order of Forfeiture* by USA as to Mark David Johnson. Responses due by 2/23/2018 (Attachments: # 1 Text of Proposed Order)(Sombuntham, Nalina) (Entered: 02/09/2018) |
| 02/12/2018 | 351 | | OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT by Mark David Johnson (Attachments: # 1 Exhibit "A" – Arrest Warrant/Return, # 2 Exhibit "B" – Certificate of Completion)(Zimet, Bruce) (Entered: 02/12/2018) |
| 02/12/2018 | 352 | | SENTENCING MEMORANDUM by Mark David Johnson (Attachments: # 1 Exhibit Composite "A" – Character Letters)(Zimet, Bruce) (Entered: 02/12/2018) |
| 02/12/2018 | 353 | | ORDER granting 349 Motion for Forfeiture of Property as to Mark David Johnson (1). Signed by Judge Robert N. Scola, Jr on 2/11/2018. (lk) (Entered: 02/13/2018) |
| 02/14/2018 | 357 | | PAPERLESS Minute Entry for proceedings held before Judge Robert N. Scola, Jr: Sentencing held on 2/14/2018 as to Mark David Johnson. Imprisonment for a term of 48 months as to Count 1. Supervised release for a term of 3 years. Special conditions of supervision imposed, see criminal judgment. No fine imposed. Special assessment $100.00. Restitution in the amount of $1,831,461.77 is joint and several with the co–defendants in this |

| | | | case. Order of Forfeiture 353 is incorporated by reference. Government's ore tenus motion to dismiss remaining counts is granted. Recommendations to BOP: 1) 500–hour RDAP Program, and 2) FCI Englewood. Defendant is remanded to the custody of the US Marshal Service. Total time in court: 35 minutes. Attorney Appearance(s): AUSA Joshua S. Rothstein, Bruce Alan Zimet, Esquire. U.S. Probation Officer: Danielle Sylvester–Pierre. Court Reporter: Dawn Whitmarsh, 305–523–5598 / Dawn_Whitmarsh@flsd.uscourts.gov. (jh) (Entered: 02/14/2018) |
|---|---|---|---|
| 02/14/2018 | 360 | | PAPERLESS ORDER as to Mark David Johnson granting 315 MOTION for Downward Departure Pursuant to 5K1.1 filed by USA for reasons stated of record at sentencing hearing held 2/14/2018. Signed by Judge Robert N. Scola, Jr on 2/14/2018. (jh) (Entered: 02/14/2018) |
| 02/16/2018 | 362 | | FINAL Revised After Sentencing Disclosure of Presentence Investigation Report of Mark David Johnson. This is a limited access document. Report access provided to attorneys Joshua S. Rothstein, Bruce Alan Zimet by USPO (Attachments: # 1 Addendum)(mcl1) (Entered: 02/16/2018) |
| 02/16/2018 | 363 | | JUDGMENT as to Mark David Johnson (1), Count(s) 1, 2–14, 2s–17s, Dismissed.; Count(s) 1s, Imprisonment for 48 months; Supervised release for 3 years. Restitution: $1831461.77. Assessment: $100.00 Closing Case for Defendant. – Motions terminated: 315 MOTION for Downward Departure filed by USA. Signed by Judge Robert N. Scola, Jr on 2/14/2018. (lk) **NOTICE: If there are sealed documents in this case, they may be unsealed after 1 year or as directed by Court Order, unless they have been designated to be permanently sealed. See Local Rule 5.4 and Administrative Order 2014–69.** (Entered: 02/20/2018) |
| 06/05/2018 | 437 | | COURT REPORTER ACKNOWLEDGMENT as to Mark David Johnson, David William Wheat, Michael Kennedy Brown, James Carrington, Jana Kabelova, Michael Munday, Juan Ottavianelli, Edwin Fernandes, Quentin Ian Hymas, Tomas Bajza re 436 Transcript Information Form,. Court Reporter: Jill Felicetti, 305–523–5024 / Jill_Felicetti@flsd.uscourts.gov. Arrangements not made for payment. USCA number 18–12003. (jfi) (Entered: 06/05/2018) |
| 06/05/2018 | 438 | | COURT REPORTER ACKNOWLEDGMENT as to Mark David Johnson, David William Wheat, Michael Kennedy Brown, James Carrington, Jana Kabelova, Michael Munday, Juan Ottavianelli, Edwin Fernandes, Quentin Ian Hymas, Tomas Bajza re 436 Transcript Information Form,. Court Reporter: Robin Dispenzieri, 305–523– 5676 Robin_Dispenzieri@flsd.uscourts.gov. Estimated filing date of transcript 7.4.2018. USCA number 18–12003. (rd) (Entered: 06/05/2018) |
| 06/28/2018 | 441 | | TRANSCRIPT of Calendar Call as to Mark David Johnson, David William Wheat, Michael Kennedy Brown, James Carrington, Jana Kabelova, Michael Munday, Juan Ottavianelli, Edwin Fernandes, Quentin Ian Hymas, Tomas Bajza held on 1/2/18 before Judge Robert N. Scola, Jr, 1–39 pages, re: 426 Notice of Appeal – Final Judgment, Court Reporter: Jill Felicetti, 305–523–5024 / Jill_Felicetti@flsd.uscourts.gov. USCA Case Number: 18–12003. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. |

| | | | |
|---|---|---|---|
| | | | Redaction Request due 7/19/2018. Redacted Transcript Deadline set for 7/30/2018. Release of Transcript Restriction set for 9/26/2018. (jfi) (Entered: 06/28/2018) |
| 06/28/2018 | 442 | | TRANSCRIPT of Sentencing Hearing as to Mark David Johnson, David William Wheat, Michael Kennedy Brown, James Carrington, Jana Kabelova, Michael Munday, Juan Ottavianelli, Edwin Fernandes, Quentin Ian Hymas, Tomas Bajza held on 4/9/18 before Judge Robert N. Scola, Jr, 1–35 pages, re: 426 Notice of Appeal – Final Judgment, Court Reporter: Jill Felicetti, 305–523–5024 / Jill_Felicetti@flsd.uscourts.gov. USCA Case Number: 18–12003. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/19/2018. Redacted Transcript Deadline set for 7/30/2018. Release of Transcript Restriction set for 9/26/2018. (jfi) (Entered: 06/28/2018) |
| 06/28/2018 | 443 | | TRANSCRIPT NOTIFICATION as to Mark David Johnson, David William Wheat, Michael Kennedy Brown, James Carrington, Jana Kabelova, Michael Munday, Juan Ottavianelli, Edwin Fernandes, Quentin Ian Hymas, Tomas Bajza – Transcript(s) ordered on: 1/2/18 and 4/918 by Sheryl Lowenthal, Esq. has/have been filed by Court Reporter: Jill Felicetti, 305–523–5024 / Jill_Felicetti@flsd.uscourts.gov re 437 Court Reporter Acknowledgment,. (jfi) (Entered: 06/28/2018) |
| 11/12/2018 | 475 | | Unopposed MOTION to Permit Johnson to Serve His Half–Way House and/or Supervised Release in the District of Colorado by Mark David Johnson. Responses due by 11/26/2018 (Zimet, Bruce) Modified parties/text on 11/13/2018 (lk). (Entered: 11/12/2018) |
| 11/13/2018 | 476 | | Clerks Notice to Filer re 475 Unopposed MOTION Permit Johnson to Serve His Half–Way House and/or Supervised Release in the District of Colorado . **Master Case Selected**; ERROR – The filer selected the Master Case, instead of the applicable defendant. The correction was made by the Clerk. It is not necessary to refile this document. (lk) (Entered: 11/13/2018) |
| 11/14/2018 | 477 | | PAPERLESS ORDER REQUIRING RESPONSE from United States Probation Office as to Mark David Johnson re 475 Unopposed MOTION Permit Johnson to Serve His Half–Way House and/or Supervised Release in the District of Colorado filed by Mark David Johnson. U.S. Probation Office's response is due by 12/7/2018. Signed by Judge Robert N. Scola, Jr on 11/14/2018. (jh) (Entered: 11/14/2018) |
| 12/13/2018 | 478 | | PAPERLESS ORDER granting 475 Unopposed Motion to permit half–way house and/or supervised release to be served in the District of Colorado as to Mark David Johnson (1). Signed by Judge Robert N. Scola, Jr. on 12/13/2018. (wc) (Entered: 12/13/2018) |
| 12/02/2019 | 500 | | Petition and Order for Modification of Conditions with consent – 12B as to Mark David Johnson. The Court orders the modification of conditions as noted in the Petition. Signed by Judge Robert N. Scola, Jr on 12/2/2019. *See attached document for full details.* (jh) (Entered: 12/02/2019) |

PROB 12B
(SD/FL 9/96)

SD/FL PACTS No.  3633793

### UNITED STATES DISTRICT COURT
#### SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:  17-20300-CR-SCOLA-1

### Request for Modifying the Conditions or Term of Supervision
### With Consent of the Offender
##### (Probation Form 49, Waiver of Hearing is Attached)

Name of Offender:  Mark David Johnson

Name of Sentencing Judicial Officer: The Honorable Robert N. Scola, Jr. United States District Judge, Miami, Florida

Date of Original Sentence:  February 14, 2018

| | |
|---|---|
| Original Offense: | Count 1: Conspiracy to commit mail fraud, in violation of Title 18 U.S.C. § a Class C felony. |
| Original Sentence: | Forty-eight (48) months custody of the Bureau of Prisons, followed by three (3) years of supervised release. The following special conditions were ordered: The defendant shall: 1) provide complete access to financial information; 2) no new debt restriction; 3) permissible search; 4) shall obtain prior written approval from the court before entering into any self-employment; 5) shall participate in an approved treatment program for drug and/or alcohol abuse and abide by all supplemental conditions of treatment; and 6) pay any unpaid amount of restitution, fines, or special assessments. A $100.00 special assessment and $1,831,461.77 in restitution were ordered. |

Type of Supervision:  Supervised Release    Date Supervision Commenced:  October 11, 2019

### PETITIONING THE COURT

☐    To extend the term of supervision for _____ years, for a total term of _____ years.

☒    To modify the conditions of supervision as follows:

**The defendant must participate in and successfully complete a program of testing and/or treatment for substance abuse, as approved by the probation officer, until such time as you are released from the program by the probation officer. You must abstain from the use of alcohol or other intoxicants during the course of treatment and must pay the cost of treatment as directed by the probation officer.**

PROB 12B
(SD/FL 9/96)

SD/FL PACTS No. 3633793

## CAUSE

On October 11, 2019, the defendant commenced his three (3) year term of supervised release in the District of Colorado. The defendant currently resides with his wife in Golden, Colorado, and he is employed full time.

On November 14, 2019, the District of Colorado requested that the defendant's conditions be modified to include specific language required by their district, to effectively supervise the defendant related to his risk, within the District of Colorado.

The defendant voluntarily signed the enclosed *Waiver of Hearing to Modify Conditions of Supervised Release,* agreeing to the modifications outlined above.

Furthermore, the District of Colorado is requesting the Southern District of Florida initiate a transfer of jurisdiction in this case, as the defendant intends to remain in the District of Colorado. The U.S. Probation Office has attached a Transfer of Jurisdiction Form for Your Honor's review and completion of Part 1 of the order, should Your Honor be in agreement.

**RECOMMENDATION:** It is respectfully recommended Your Honor modify the conditions of supervised release as requested by the District of Colorado and outlined above. Should Your Honor have any further questions or require any additional information, please contact this officer at the numbers below.

Respectfully submitted,

by:  Lazaro Fumero
2019.11.26 15:32:41
-05'00'

Lazaro Fumero
United States Probation Officer
Office: (305) 512-1813
Cellular: (305) 301-5601
Date:  November 26, 2019

THE COURT ORDERS:

☐   No Action
☒   The Modification of Conditions as Noted Above
☐   Submit a Request for ☐ Warrant or ☐ Summons

Signature of Judicial Officer
Robert N. Scola, Jr.

December 2, 2019
Date

# UNITED STATES DISTRICT COURT

### Southern District of Florida
### Miami Division

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | Case Number: **17-20300-CR-SCOLA-1** |
| **MARK DAVID JOHNSON** | USM Number: **44156-013** |
| | Counsel For Defendant: Bruce A. Zimet, Esquire |
| | Counsel For The United States: AUSA Joshua S. Rothstein |
| | Court Reporter: Dawn Whitmarsh |

The defendant pleaded guilty to count 1 of the superseding indictment (ECF No. 120).

The defendant is adjudicated guilty of these offenses:

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 1349 | Conspiracy to commit mail fraud. | 02/10/2015 | 1 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

All remaining counts are dismissed on the motion of the government.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Date of Imposition of Sentence: 2/14/2018

ROBERT N. SCOLA, Jr.
United States District Judge

Date: 2/14/2018

DEFENDANT: **MARK DAVID JOHNSON**
CASE NUMBER: **17-20300-CR-SCOLA-1**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **48 months**.

The court makes the following recommendations to the Bureau of Prisons: (a) the defendant be allowed to participate in the 500-hour Residential Drug Abuse Program (RDAP), and (b) the defendant be designated to FCI Englewood, Littleton, CO or as close thereto as possible.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.


_____
UNITED STATES MARSHAL


_____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: **MARK DAVID JOHNSON**
CASE NUMBER: **17-20300-CR-SCOLA-1**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **three years**.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**The defendant shall cooperate in the collection of DNA as directed by the probation officer.**

**The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.**

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first fifteen days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: **MARK DAVID JOHNSON**
CASE NUMBER: **17-20300-CR-SCOLA-1**

## SPECIAL CONDITIONS OF SUPERVISION

Financial Disclosure Requirement - The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

No New Debt Restriction - The defendant shall not apply for, solicit or incur any further debt, included but not limited to loans, lines of credit or credit card charges, either as a principal or cosigner, as an individual or through any corporate entity, without first obtaining permission from the United States Probation Officer.

Permissible Search - The defendant shall submit to a search of his/her person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

Self-Employment Restriction - The defendant shall obtain prior written approval from the Court before entering into any self-employment.

Substance Abuse Treatment - The defendant shall participate in an approved treatment program for drug and/or alcohol abuse and abide by all supplemental conditions of treatment. Participation may include inpatient/outpatient treatment. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

Unpaid Restitution, Fines, or Special Assessments - If the defendant has any unpaid amount of restitution, fines, or special assessments, the defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay.

DEFENDANT: **MARK DAVID JOHNSON**
CASE NUMBER: **17-20300-CR-SCOLA-1**

**CRIMINAL MONETARY PENALTIES**

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $100.00 | $0.00 | $1,831,461.77 |

The defendant must make restitution (including community restitution) to the attached list of payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| NAME OF PAYEE | TOTAL LOSS* | RESTITUTION ORDERED | PRIORITY OR PERCENTAGE |
|---|---|---|---|
| Clerk, U.S. Courts |  | $1,831,461.77 |  |

**Restitution with Imprisonment -** It is further ordered that the defendant shall pay joint and several restitution in the amount of **$1,831,461.77** with the co-defendants in this case**.** During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) if the defendant does not work in a UNICOR job, then the defendant must pay a minimum of $25.00 per quarter toward the financial obligations imposed in this order. Upon release of incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the court may alter that payment schedule in the interests of justice. The U.S. Bureau of Prisons, U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the court any material change in the defendant's ability to pay. These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

**Assessment due immediately unless otherwise ordered by the Court.

DEFENDANT: **MARK DAVID JOHNSON**
CASE NUMBER: **17-20300-CR-SCOLA-1**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A. Lump sum payment of $100.00 due immediately.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

This assessment/fine/restitution is payable to the CLERK, UNITED STATES COURTS and is to be addressed to:

**U.S. CLERK'S OFFICE**
**ATTN: FINANCIAL SECTION**
**400 NORTH MIAMI AVENUE, ROOM 08N09**
**MIAMI, FLORIDA 33128-7716**

The assessment/fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.

**Joint and Several Restitution:**

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

| CASE NUMBER DEFENDANT AND CO-DEFENDANT NAMES (INCLUDING DEFENDANT NUMBER) | TOTAL AMOUNT | JOINT AND SEVERAL AMOUNT |
|---|---|---|
| Case No. 17-20300-CR-SCOLA David William Wheat, Michael Kennedy Brown, James Carrington, Jana Kabelova, Michael Munday, Juan Ottavianelli, Edwin Fernandes, Quentin Ian Hymas, and Tomas Bajza. | | $1,831,461.77 |

The defendant shall forfeit the defendant's interest in the following property to the United States: as specified in the Order of Forfeiture (**ECF No. 353**) which is incorporated by reference herein.

**Restitution is owed jointly and severally by the defendant and co-defendants in the above case.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. <u>17-CR-20300-SCOLA(s)</u>
### 18 U.S.C. § 1349
### 18 U.S.C. § 1341
### 18 U.S.C. § 982(a)(2)
### 18 U.S.C. § 2



FILED BY _____ **TB** _____
Deputy Clerk

**Jul 18, 2017**

STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. **MIAMI**

# UNITED STATES OF AMERICA

# vs.

# MARK DAVID JOHNSON,
# JANA KABELOVA,
# MICHAEL MUNDAY,
### a/k/a "Mickey,"
# QUENTIN IAN HYMAS, and
# TOMAS BAJZA,

### Defendants.
_____/

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times material to this Superseding Indictment:

1.      Ally Bank was a financial institution with offices located in Utah and Pennsylvania,

whose accounts were insured by the Federal Deposit Insurance Corporation ("FDIC").

2.      Bank of America N.A. was a financial institution with offices located throughout

the United States, including in the State of Florida, whose accounts were insured by the FDIC.

3.      Fifth Third Bank was a financial institution with offices located throughout the United States, including in the State of Florida, whose accounts were insured by the FDIC.

4.      PNC Bank N.A. was a financial institution with offices located throughout the United States, including in the State of Florida, whose accounts were insured by the FDIC.

5.      Santander Consumer USA, a Division of Santander Bank N.A., was a financial institution with offices located throughout the United States, including in the State of Florida, whose accounts were insured by the FDIC.

6.      SunTrust Bank was a financial institution with offices located throughout the United States, including in the State of Florida, whose accounts were insured by the FDIC.

7.      Wells Fargo Auto Finance Inc., a Division of Wells Fargo Bank, N.A., was a financial institution with offices located throughout the United States, including in the State of Florida, whose accounts were insured by the FDIC.

8.      Nissan-Infiniti LT was a Tennessee corporation doing business as an automotive loan lender throughout the United States, including in the State of Florida.

9.      Goval Auto Sales Inc. was a Florida corporation doing business as a seller of automobiles in Florida.

10.      Recovery and Remarketing was a Missouri corporation doing business in Missouri as an automobile towing service. James Carrington, a resident of Lawrence County, Missouri, was the owner and operator of Recovery and Remarketing.

11.      Southwest Recovery was a Missouri corporation doing business in Missouri as an automobile towing service.   James Carrington was the owner and operator of Recovery and Remarketing.

2

12.     All Hours Towing was a Florida corporation doing business in Florida as an automobile towing service.  **MARK DAVID JOHNSON**, a resident of Broward County, was the operator of All Hours Towing.

13.     Broward Road Service was a Florida corporation doing business in Florida as an automobile towing service.  **MARK DAVID JOHNSON** was the operator of Broward Road Service.

14.     El Cheapo Lock and Towing Inc. was a Florida corporation doing business in Florida as an automobile towing service.  **MARK DAVID JOHNSON** was the operator of El Cheapo Lock and Towing Inc.

15.     Metro Recovery & Transport was a Florida corporation doing business in Florida as an automobile towing service.  **MARK DAVID JOHNSON** was the operator of Metro Recovery & Transport.

16.     Winmar Associates Inc. d/b/a Ace Recovery and Transportation ("Ace Recovery") was a Florida corporation doing business in Florida as an automobile towing service.  **MARK DAVID JOHNSON** was the operator of Ace Recovery.

17.     State Filing Service Inc. was a Florida corporation doing business in Florida. David William Wheat, a resident of Palm Beach County, was the operator of State Filing Service Inc.

18.     J. Michael Enterprises was a Florida corporation doing business in Florida as a seller of automobiles.  Michael Kennedy Brown, a resident of Broward County, was the operator of J. Michael Enterprises.

19.     Defendant **JANA KABELOVA** was a resident of Broward County.

20.     Defendant **MICHAEL MUNDAY** was a resident of Miami-Dade County.

21.     Defendant **QUENTIN IAN HYMAS** was a resident of Barry County, Missouri.

22.     Defendant **TOMAS BAJZA** was a resident of Miami-Dade County, Florida.

<u>**COUNT 1**</u>
**Conspiracy to Commit Mail Fraud**
**(18 U.S.C. § 1349)**

1.      Paragraphs 1 through 22 of the General Allegations section of this Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.      From on or about September 9, 2008, the exact date being unknown to the Grand Jury, through on or about February 10, 2015, in Miami-Dade, Broward, and Palm Beach Counties, in the Southern District of Florida, and elsewhere, the defendants,

**MARK DAVID JOHNSON,**
**JANA KABELOVA,**
**MICHAEL MUNDAY,**
**a/k/a "Mickey,"**
**QUENTIN IAN HYMAS, and**
**TOMAS BAJZA,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with each other, with David William Wheat, Michael Kennedy Brown, James Carrington, Edwin Fernandes, and Juan Ottavianelli, and with others known and unknown to the Grand Jury, to knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly cause to be delivered certain mail matter by U.S. mail, according to the directions thereon, affecting a financial institution, in violation of Title 18,

United States Code, Section 1341.

## PURPOSE OF THE CONSPIRACY

3.      It was a purpose of the conspiracy for the defendants and their co-conspirators to unjustly enrich themselves by, among other things, (1) obtaining mortgaged automobiles through various fraudulent methods, including, among other things, the use of straw buyers; (2) preparing and mailing, via U.S. mail, false and fraudulent lien notices to all interested parties, including the lender, as required by Florida law; (3) hiding the automobiles at various locations in Miami-Dade and Broward Counties to avoid repossession by the rightful lienholders; (4) falsely and fraudulently removing the automobile's lawful owner from its title; and (5) selling the automobiles to co-conspirators at prices below market value, so that the co-conspirators could re-sell the automobiles at a profit.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their co-conspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

4.      **MARK DAVID JOHNSON, JANA KABELOVA**, and their co-conspirators fraudulently obtained automobiles by (1) recruiting straw buyers, including **QUENTIN IAN HYMAS and TOMAS BAJZA**, to purchase automobiles from dealerships in Miami-Dade and Broward Counties; (2) identifying distressed automobiles loans in Miami-Dade and Broward Counties and offering to buy those automobiles at a discounted rate; and (3) enlisting James Carrington to steal automobiles that had been repossessed by Southwest Recovery and Recovery and Remarketing.

5.      **MICHAEL MUNDAY**, Edwin Fernandes and other co-conspirators transported automobiles, provided by James Carrington, from Missouri to Florida.

6.      **MARK DAVID JOHNSON, MICHAEL MUNDAY,** and other co-conspirators stored the fraudulently obtained automobiles at various locations in Miami-Dade and Broward Counties.

7.      David William Wheat prepared false and fraudulent towing invoices on behalf of El Cheapo Lock and Towing, Inc., Metro Recovery & Transport, All Hours Towing, Broward Road Service, and Ace Recovery.

8.      David William Wheat prepared and mailed, through the U.S. mail, false and fraudulent documents entitled "Towing and Storage Notice of Claim Lien and Proposed Sale of Vehicle" to the registered owner, insurer, and lienholder falsely claiming to have incurred costs to tow and store the automobiles.

9.      **MARK DAVID JOHNSON** sold the fraudulently obtained automobiles to, among others, Michael Kennedy Brown.

10.     David William Wheat prepared and filed applications for a Certificate of New Title from the Florida Department of Motor Vehicles.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-17
### Mail Fraud
### (18 U.S.C. § 1341)

From on or about September 9, 2008, the exact date being unknown to the Grand Jury, through on or about February 10, 2015, in Miami-Dade, Broward, and Palm Beach Counties, in the Southern District of Florida, and elsewhere, the defendants,

6

**MARK DAVID JOHNSON,**
**JANA KABELOVA,**
**MICHAEL MUNDAY,**
**a/k/a "Mickey," and**
**QUENTIN IAN HYMAS,**

did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly cause to be delivered certain mail matter, by U.S. mail, according to the directions thereon, affecting a financial institution.

## PURPOSE OF THE SCHEME AND ARTIFICE

1.      It was the purpose of the scheme and artifice for the defendants and their accomplices to unjustly enrich themselves by, among other things, (1) obtaining mortgaged automobiles through various fraudulent methods, including, among other things, the use of straw buyers; (2) preparing and mailing, via U.S. mail, false and fraudulent lien notices to all interested parties, including the lender, as required by Florida law; (3) hiding the automobiles at various locations in Miami-Dade and Broward Counties to avoid repossession by the rightful lienholders; (4) falsely and fraudulently removing the automobile's lawful owner from its title; and (5) selling the automobiles to co-conspirators at prices below market value, so that the co-conspirators could re-sell the automobiles at a profit.

## THE SCHEME AND ARTIFICE

2.      Paragraphs 4 through 10 of the Manner and Means section of Count 1 of this Superseding Indictment are re-alleged and incorporated by reference herein as the description of

7

the scheme and artifice.

### USE OF THE MAILS

3.　　On or about the dates specified as to each count below, the defendants, as specified in each count below, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly cause to be delivered certain mail matter, by U.S. mail, according to the directions thereon, affecting a financial institution, as more particularly described below:

| Count | Approx. Date | Defendant(s) | Description of Mailing |
|-------|-------------|--------------|------------------------|
| 2 | September 9, 2008 | **MARK DAVID JOHNSON and JANA KABELOVA** | "Towing and Storage Notice of Claim Lien and Proposed Sale of Vehicle" sent via U.S. Mail from a location in Florida to SunTrust Bank in Tennessee. |
| 3 | April 20, 2009 | **MARK DAVID JOHNSON** | "Towing and Storage Notice of Claim Lien and Proposed Sale of Vehicle" sent via U.S. Mail from a location in Florida to Wells Fargo Auto Finance Inc. in Arizona. |
| 4 | June 12, 2009 | **MARK DAVID JOHNSON** | "Towing and Storage Notice of Claim Lien and Proposed Sale of Vehicle" sent via U.S. Mail from a location in Florida to Fifth Third Bank in California. |

| Count | Approx. Date | Defendant(s) | Description of Mailing |
|---|---|---|---|
| 5 | December 7, 2010 | **MARK DAVID JOHNSON** | "Towing and Storage Notice of Claim Lien and Proposed Sale of Vehicle" sent via U.S. Mail from a location in Florida to SunTrust Bank in Tennessee. |
| 6 | May 18, 2011 | **MARK DAVID JOHNSON and QUENTIN IAN HYMAS** | "Towing and Storage Notice of Claim Lien and Proposed Sale of Vehicle" sent via U.S. Mail from a location in Florida to Bank of America N.A. in Jacksonville, Florida. |
| 7 | August 10, 2011 | **MARK DAVID JOHNSON** | "Towing and Storage Notice of Claim Lien and Proposed Sale of Vehicle" sent via U.S. Mail from a location in Florida to PNC Bank N.A. in Pennsylvania. |
| 8 | June 6, 2012 | **MARK DAVID JOHNSON and JANA KABELOVA** | "Towing and Storage Notice of Claim Lien and Proposed Sale of Vehicle" sent via U.S. Mail from a location in Florida to SunTrust Bank in Tennessee. |
| 9 | June 19, 2012 | **MARK DAVID JOHNSON and JANA KABELOVA** | "Towing and Storage Notice of Claim Lien and Proposed Sale of Vehicle" sent via U.S. Mail from a location in Florida to PNC Bank N.A. in Pennsylvania. |
| 10 | July 18, 2012 | **MARK DAVID JOHNSON** | "Towing and Storage Notice of Claim Lien and Proposed Sale of Vehicle" sent via U.S. Mail from a location in Florida to the Broward County Sheriff's Office in Florida. |
| 11 | April 24, 2013 | **MARK DAVID JOHNSON** | "Towing and Storage Notice of Claim Lien and Proposed Sale of Vehicle" sent via U.S. Mail from a location in Florida to Ally Bank in Maryland. |

| Count | Approx. Date | Defendant(s) | Description of Mailing |
|-------|--------------|--------------|------------------------|
| 12 | October 7, 2013 | **MARK DAVID JOHNSON and JANA KABELOVA** | "Towing and Storage Notice of Claim Lien and Proposed Sale of Vehicle" sent via U.S. Mail from a location in Florida to Nissan Infiniti LT in California. |
| 13 | December 24, 2013 | **MARK DAVID JOHNSON and MICHAEL MUNDAY, a/k/a "Mickey** | "Towing and Storage Notice of Claim Lien and Proposed Sale of Vehicle" sent via U.S. Mail from a location in Florida to Santander Consumer USA in Pennsylvania. |
| 14 | March 27, 2014 | **MARK DAVID JOHNSON** | "Towing and Storage Notice of Claim Lien and Proposed Sale of Vehicle" sent via U.S. Mail from a location in Florida to the Broward County Sheriff's Office in Florida. |
| 15 | March 27, 2014 | **MARK DAVID JOHNSON and QUENTIN IAN HYMAS** | "Towing and Storage Notice of Claim Lien and Proposed Sale of Vehicle" sent via U.S. Mail from a location in Florida to the Broward County Sheriff's Office in Florida. |
| 16 | April 15, 2014 | **MARK DAVID JOHNSON and QUENTIN IAN HYMAS** | "Towing and Storage Notice of Claim Lien and Proposed Sale of Vehicle" sent via U.S. Mail from a location in Florida to the Broward County Sheriff's Office in Florida. |
| 17 | June 4, 2014 | **MARK DAVID JOHNSON** | "Towing and Storage Notice of Claim Lien and Proposed Sale of Vehicle" sent via U.S. Mail from a location in Florida to Goval Auto Sales Inc. in Florida. |

In violation of Title 18, United States Code, Sections 1341 and 2.

## FORFEITURE ALLEGATIONS

1.      The allegations in this Superseding Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging criminal forfeiture to the United States of America of certain property in which one or more of the defendants has an interest.

2.      Upon conviction of a conspiracy to violate or a violation of Title 18, United States Code, Section 1341, as alleged in Counts 1 through 17 of this Superseding Indictment, the defendants shall each forfeit to the United States any property constituting, or derived from, proceeds obtained directly or indirectly as the result of such violation, pursuant to Title 18, United States Code, Section 982(a)(2).  The property subject to forfeiture includes, but is not limited to at least $1,673,059 in U.S. currency, a sum which represents the proceeds obtained as a result of the violations alleged in the Indictment and which may be sought as a forfeiture money judgment.

3.      If any of the property described above, as a result of any act or omission of the defendants:

        a.      cannot be located upon the exercise of due diligence;

        b.      has been transferred or sold to, or deposited with, a third party;

        c.      has been placed beyond the jurisdiction of the court;

        d.      has been substantially diminished in value; or

        e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

All pursuant to Title 18, United States Code, Section 982(a)(2), and the procedures set

forth at Title 21, United States Code, Section 853, as incorporated by Title 18, United States

Code, Section 982(b)(1).

A TRUE BILL

_____
FOREPERSON

_____
BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

_____
JOSHUA S. ROTHSTEIN
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**

| UNITED STATES OF AMERICA | CASE NO. | 17-20300-CR-SCOLA(s) |
|---|---|---|

v.

## CERTIFICATE OF TRIAL ATTORNEY*

**MARK DAVID JOHNSON, et al.,**
    **Defendants.**
_____ /

**Superseding Case Information:**

**Court Division**: (Select One)

| | |
|---|---|
| X  Miami | _____ Key West |
| _____ FTL | _____ WPB _____ FTP |

New Defendant(s)   Yes __X__ No _____
Number of New Defendants    2
Total number of counts     17

I do hereby certify that:

1.   I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.   I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.   Interpreter:   (Yes or No)   No
   List language and/or dialect _____

4.   This case will take   2-4   days for the parties to try.

5.   Please check appropriate category and type of offense listed below:

  (Check only one)          (Check only one)

| | | | | |
|---|---|---|---|---|
| I | 0 to 5 days | X | Petty | _____ |
| II | 6 to 10 days | _____ | Minor | _____ |
| III | 11 to 20 days | _____ | Misdem. | _____ |
| IV | 21 to 60 days | _____ | Felony | X |
| V | 61 days and over | | | |

6.   Has this case been previously filed in this District Court?   (Yes or No)   Yes
If yes:
Judge:   Judge Scola        Case No.   17-20300-CR-SCOLA
(Attach copy of dispositive order)
Has a complaint been filed in this matter?    (Yes or No)   No
If yes:
Magistrate Case No. _____
Related Miscellaneous numbers: _____
Defendant(s) in federal custody as of   JOHNSON and KABELOVA as of May 9, 2017
Defendant(s) in state custody as of _____
Rule 20 from the District of _____
Is this a potential death penalty case? (Yes or No)    No

7.   Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?   Yes _____    No X

                     _____
                   JOSHUA ROTHSTEIN
                   ASSISTANT UNITED STATES ATTORNEY
                   FL Bar/Court I.D. No. A5502111

*Penalty Sheet(s) attached                REV 5/3/17

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

<u>PENALTY SHEET</u>

Defendant's Name:  **TOMAS BAJZA**

Case No:  **17-CR-20300-SCOLA(s)**

Count #: 1

Conspiracy to Commit Mail Fraud

Title 18, United States Code, Sections 1349

**\* Max. Penalty**:  20 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:** **QUENTIN IAN HYMAS**

**Case No:** **17-CR-20300-SCOLA(s)**

Count #: 1

Conspiracy to Commit Mail Fraud

Title 18, United States Code, Sections 1349

**\* Max. Penalty:** 20 Years' Imprisonment

Counts #: 6, 15, & 16

Mail Fraud

Title 18, United States Code, Section 1341

**\* Max. Penalty:** 20 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:   MARK DAVID JOHNSON**

**Case No**:     **17-CR-20300-SCOLA(s)**

Count #: 1

Conspiracy to Commit Mail Fraud

Title 18, United States Code, Sections 1349

**\* Max. Penalty**:        20 Years' Imprisonment

Counts #: 2-17

Mail Fraud

Title 18, United States Code, Section 1341

**\* Max. Penalty**:        20 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:**  **JANA KABELOVA**

**Case No:**  **17-CR-20300-SCOLA(s)**

Count #: 1

Conspiracy to Commit Mail Fraud

Title 18, United States Code, Sections 1349

**\* Max. Penalty:**      20 Years' Imprisonment

Counts #: 2, 8, 9, 12

Mail Fraud

Title 18, United States Code, Section 1341

**\* Max. Penalty:**      20 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

<u>PENALTY SHEET</u>

**Defendant's Name:**  **MICHAEL MUNDAY**

**Case No:**  **17-CR-20300-SCOLA(s)**

Count #: 1

Conspiracy to Commit Mail Fraud

Title 18, United States Code, Sections 1349

**\* Max. Penalty:**      20 Years' Imprisonment

Count #: 13

Mail Fraud

Title 18, United States Code, Section 1341

**\* Max. Penalty:**      20 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**